IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| POWER PLANT ENTERTAINMENT CASINO RESORT INDIANA, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROSS J. MANGANO, et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) No. 1:11-cv-01133-BEL ) ) ) ) ) ) |

**REMOVING DEFENDANTS' JOINT STATEMENT IN RESPONSE TO THE COURT'S STANDING ORDER CONCERNING REMOVAL**

Defendants Ross J. Mangano ("Mr. Mangano"), and Defendants The J. Oliver Cunningham Trust, Dated February 26, 1971, The Anne C. Mclure Trust, Dated February 26, 1971, and The Jane C. Warriner Trust, Dated February 26, 1971 (the "Indiana Trusts," and, collectively with Mr. Mangano, the "Removing Defendants"), pursuant to the Court's Standing Order Concerning Removal entered May 2, 2011 [Dkt No. 15] (the "Standing Order"), hereby state as follows:

1. **The date(s) on which each defendant was served with a copy of the summons and complaint.**

    (a)   The Indiana Trusts were each purportedly served with the Complaint on February 28, 2011.  [*See* Dkt Nos. 7, 7-1, 7-2 (affidavits of service).]  As set forth in their Motion to Dismiss [*see* Dkt No. 19-1, at 9], the Indiana Trusts dispute that they were properly served with process.

    (b)   Mr. Mangano was served with the Complaint on April 19, 2011.

(c) Non-Removing Defendants Maryland Jockey Club, Inc., Penn National Gaming, Inc., MI Developments, Inc., Maryland Jockey Club of Baltimore City, Inc., and Maryland Jockey Club Ventures, LLC, were purportedly served with the Complaint on February 28, 2011. [*See* Dkt Nos. 20-1 through 20-5 (affidavits of service).]

(d) Upon information and belief, Non-Removing Defendant Frank Stronach has not yet been served with the Complaint. [*See* Dkt No. 20-11 (request for reissuance of summons dated April 21, 2011).]

2. **In actions predicated on diversity jurisdiction, an indication of whether any defendants who have been served are citizens of Maryland, and, for any entity that is not a corporation, the citizenship of all members.**

   This action is not predicated on diversity jurisdiction.

3. **If removal takes place more than thirty (30) days after any defendant was first served with a copy of the summons and complaint, the reasons why removal has taken place at this time and the date on which the defendant(s) was (were) first served with a paper identifying the basis for such removal.**

   Removal took place on April 29, 2011, more than thirty (30) days after the Indiana Trusts were purportedly served with the Complaint (although, as indicated above, the Indiana Trusts dispute that they were properly served). On April 7, 2011, Indianapolis Downs, LLC, and its affiliates (collectively, the "Debtors") filed a Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the District of Delaware, No. 11-11046-BLS (the "Indianapolis Downs Bankruptcy"). The Indianapolis Downs Bankruptcy provides the basis for removal in this case, because the removed claims are "related to" that bankruptcy proceeding pursuant to 28 U.S.C. § 1334(b). Thus, the basis for removal first arose on April 7, 2011, and removal took place within thirty (30) days thereafter.

4. **In actions removed to this court predicated on diversity jurisdiction in which the action in state court was commenced more than one year before the date of removal, the reasons why this action should not be summarily remanded to state court.**

   This action is not predicated on diversity jurisdiction.

5. **Identification of any defendant who was served in the state court action prior to the time of removal who did not formally join in the notice of removal and the reasons why such defendant did not join.**

   Non-Removing Defendants Maryland Jockey Club, Inc., Penn National Gaming, Inc., MI Developments, Inc., Maryland Jockey Club of Baltimore City, Inc., and Maryland Jockey Club Ventures, LLC were purportedly served with the Complaint prior to the time of removal. These parties did not formally join in the notice of removal, because "*[a] party* may remove *any claim or cause of action* in a civil action . . . if [the] district court has jurisdiction of such claim or cause of action under section 1334 of this title," 28 U.S.C. § 1452(a) (emphasis added), the Removing Defendants did not purport to remove any claims asserted against any of the Non-Removing Defendants, and the consent of all defendants is not required to effect removal under section 1452(a), *see Creasy v. Coleman Furniture Corp.*, 763 F.2d 656 (4th Cir. 1985).

   On May 4, 2011, Removing Defendants filed their joint Local Rule 103.3 Disclosure Statement. [*See* Dkt No. 18.]

   A copy of the Court's Standing Order Concerning Removal has today been served upon all parties who did not receive electronic notification of the filing of that Order.

Dated: May 13, 2011

        Respectfully submitted,

        _____/s/_____
        Steven F. Barley (Bar # 10049)
        Scott R. Haiber (Bar # 25947)
        Andrea W. Trento (Bar #28816)
        HOGAN LOVELLS US LLP
        Harbor East
        100 International Drive
        Baltimore, MD 21202
        Phone:     (410) 659-2700
        Facsimile:  (410) 659-2701
        Email:      steve.barley@hoganlovells.com
                        scott.haiber@hoganlovells.com
                        andrea.trento@hoganlovells.com

*Attorneys for Defendants Ross J. Mangano, The J. Oliver Cunningham Trust, Dated February 26, 1971, The Anne C. Mclure Trust, Dated February 26, 1971, and The Jane C. Warriner Trust, Dated February 26, 1971.*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| POWER PLANT ENTERTAINMENT CASINO RESORT INDIANA, LLC, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:11-cv-01133-BEL ) |
| ROSS J. MANGANO, et al. | ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of May, 2011, a copy of the foregoing Defendants' Joint Response to the Court's Standing Order Concerning Removal was filed via the Court's electronic filing system and served on all counsel registered to receive service via the same, and served by First Class Mail, postage prepaid, on the parties identified below. In addition, the Court's Standing Order Concerning Removal, entered May 2, 2011, was also served by First Class Mail, postage prepaid, on the parties identified below.

| | |
|---|---|
| Frank Stronach<br>337 Magna Drive<br>Aurora, Ontario<br>L4G 7K1<br>Canada | Maryland Jockey Club of Baltimore City, Inc.<br>The Corporation Trust, Inc.<br>351 West Camden Street<br>Baltimore, MD 21201 |

                                                  /s/
                        Andrea W. Trento (Bar No. 28816)
                        HOGAN LOVELLS US LLP
                        Harbor East
                        100 International Drive, Suite 2000
                        Baltimore, MD  21202
                        Telephone:  (410) 659-2700
                        Facsimile:  (410) 659-2701
                        E-mail: andrea.trento@hoganlovells.com